**NOT FOR PUBLICATION**

FILED

SEP 21 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ANZHELIKA PAYNE, personal representative to the estate of Landon Jay Payne,

Plaintiff - Appellee,

v.

ZACHERY FULTON, an individual; CONNOR WEST SANTINI, an individual,

Defendants - Appellants,

and

CITY OF EUGENE, a municipal corporation, COUNTY OF LANE, JAIRO SOLORIO, an individual, ANDREW ROBERTS, an individual, JACOB THOMAS, an individual, ROBERT GRIESEL, an individual, JUSTIN WILSON, an individual, COLTER GAWITH, an individual, NATHAN GENT, an individual, MICHAEL BAEUERLEN, an individual, STEPHEN FOLEY, an individual, JOSEPH FISHER, an individual, JEREMY FIFER, an individual, WILLIAM MCCLURE, an individual, LANCE JESTER, an individual, EMMA

No. 25-461

D.C. No.
6:22-cv-00471-MC

MEMORANDUM*

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

GROTEFEND, an individual also known as Emma Edwards, RICHARD CLINTON RILEY, an individual,

Defendants.

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, Chief District Judge, Presiding

Argued and Submitted December 3, 2025
Submission Vacated May 4, 2026
Resubmitted September 17, 2026
Portland, Oregon

Before: McKEOWN and SUNG, Circuit Judges, and FITZWATER, District Judge;[**]
Dissent by Judge Fitzwater.

Deputies Zachery Fulton ("Fulton") and Connor Santini ("Santini") appeal the district court's denial of summary judgment on Anzhelika Payne's ("Payne") Section 1983 claim. The parties are familiar with the facts, and we do not recite them here. We have limited jurisdiction under 28 U.S.C. § 1291 and the collateral order doctrine. *See Plumhoff v. Rickard*, 572 U.S. 765, 772 (2014).

Reviewing de novo "abstract issues of law," *Johnson v. Jones*, 515 U.S. 304, 317 (1995), and "view[ing] the facts in the light most favorable to" Payne as the nonmovant, *Plumhoff*, 572 U.S. at 768, we affirm. In March 2020, Fulton and

[**] The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

Santini had "fair warning" that officers may not "crush[]" Landon Payne ("Landon") "against the ground by pressing their weight on his neck and torso, and continuing to do so despite his repeated cries for air, and despite the fact that his hands were cuffed behind his back and he was offering no resistance." *Drummond ex rel. Drummond v. City of Anaheim*, 343 F.3d 1052, 1061 (9th Cir. 2003). We so conclude based on Payne's allegations and without "weighing the evidence" or "importing genuinely disputed factual propositions." *Tolan v. Cotton*, 572 U.S. 650, 657, 660 (2014) (per curiam) (citation modified).

If Payne proves her version of events at trial, a reasonable jury could also find that the force used against Landon was "objectively [un]reasonable," and thus "unconstitutionally excessive." *Lombardo v. City of St. Louis*, 594 U.S. 464, 466–67 (2021) (per curiam) (citation modified). Fulton and Santini "continued to press their weight on [Landon's] neck and torso as he lay handcuffed on the ground and begged for air." *Drummond*, 343 F.3d at 1056. Payne's minor offenses, handcuffs, prone position, and the numerous officers surrounding him would permit a jury to find that he "posed only a minimal threat to anyone's safety," *id.* at 1057–58, and that only a "minimal amount" of force was warranted, *id.* at 1059. While Landon may have posed a minor threat to the officers because he was incoherent and agitated, he "was also considerably outnumbered, which counts against a finding that [he] posed a threat to the [twelve] officers at the scene."

*Green v. City & Cnty. of S.F.*, 751 F.3d 1039, 1050 (9th Cir. 2014). Finally, "the governmental interest in using [bodyweight compression] force [was] diminished by the fact that" Fulton and Santini were "confronted, not with a person who has committed a serious crime against others, but with a mentally [disturbed] individual." *Deorle v. Rutherford*, 272 F.3d 1272, 1283 (9th Cir. 2001).

Several of Fulton and Santini's arguments ask of us to do what our review in this posture forbids—assess whether "the pretrial record sets forth a 'genuine' issue of fact for trial." *Johnson*, 515 U.S. at 320. The district court identified genuine disputes about "the precise location, duration, and quantum of force" that each deputy applied, and whether Landon actively resisted or instead struggled to breathe. We "lack jurisdiction" to revisit those disputes, *Sanderlin v. Dwyer*, 116 F.4th 905, 910 (9th Cir. 2024), unless they are "blatantly contradicted by the record," *Scott v. Harris*, 550 U.S. 372, 380 (2007). In this case, "[t]he mere existence of video footage of the incident does not foreclose a genuine factual dispute as to the reasonable inferences that can be drawn from [it]." *Vos v. City of Newport Beach*, 892 F.3d 1024, 1028 (9th Cir. 2018).

We need not decide whether the Fourth or the Fourteenth Amendment applies to the facts surrounding the incident that led to Landon's death.[1] For

---

[1] We reject Fulton and Santini's argument, raised for the first time on reply, that the "shocks the conscience" standard applies in this context because Landon died "outside the context of a seizure." That argument is not only forfeited, *Grabowski*

wherever he was along the "custodial continuum," *Pierce v. Multnomah County*, 76 F.3d 1032, 1042 (9th Cir. 1996), and whatever "the source of law" that protected his interests, we are required to "determine whether the force was objectively unreasonable in light of the 'facts and circumstances of [this] particular case.'" *Lombardo*, 594 U.S. at 466 n.2 (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015)). In light of that requirement and the limited scope of our review, we affirm.

**AFFIRMED.**

---

*v. Ariz. Bd. of Regents*, 69 F.4th 1110, 1122 n.6 (9th Cir. 2023), but also incorrect. Even assuming that the arrest was over, Fulton and Santini "terminated or restrained" Landon's "freedom of movement through means intentionally applied" and thus effected a Fourth Amendment seizure. *Nelson v. City of Davis*, 685 F.3d 867, 875 (9th Cir. 2012) (citation modified).

FILED

SEP 21 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Payne v. Fulton*, No. 25-461

FITZWATER, District Judge, dissenting:

I respectfully dissent from the majority's decision to affirm the district court's denial of qualified immunity for Deputies Fulton and Santini.

Based on my study of the record, including the bodycam video and the sally port video, *see Scott v. Harris*, 550 U.S. 372, 380-81 (2007), I would hold that Plaintiffs-Appellees failed to demonstrate that every reasonable law enforcement officer in these officers' positions would have known that using the force they employed against Landon Payne under these circumstances violated the Constitution.

I would also hold that *Drummond ex rel. Drummond v. City of Anaheim*, 343 F.3d 1052 (9th Cir. 2003), is factually distinguishable, involved more egregious conduct, and did not give the deputies fair warning that their particular use of force was unconstitutionally excessive.

Because this memorandum disposition is unpublished, I see no compelling reason to write a lengthier dissent. But the brevity of my comments should not camouflage what a more detailed dissent hopefully would demonstrate: that Deputies Fulton and Santini were entitled to qualified immunity, and that the district court erred when it failed to reach this conclusion based on the summary judgment record.